J-A17024-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

S.L. & M.L.               :     IN THE SUPERIOR COURT OF
                          :            PENNSYLVANIA
            Appellants    :
                          :
                          :
        v.                :
                          :
                          :
D.L.                      :     No. 289 WDA 2018

Appeal from the Order January 30, 2018
In the Court of Common Pleas of Mercer County Civil Division at No(s):
2017-1280

BEFORE:   OTT, J., KUNSELMAN, J., and MUSMANNO, J.

JUDGEMENT ORDER BY KUNSELMAN, J.:                FILED JULY 25, 2018

Appellants, S.L. & M.L., initially appealed the trial court's dismissal of their petition to involuntarily terminate the parental rights of the Appellee, D.L., (birth mother) on the basis that Appellants lacked in loco parentis standing to file such a petition. Without reaching the merits, a previous panel of this Court remanded with instruction for the trial court to appoint the child both a guardian ad litem and legal counsel pursuant to 23 Pa.C.S.A. § 2313(a). See In re J.R.L., 1630 WDA 2017 (Pa. Super. May 25, 2018) (unpublished memorandum).

Before we issued that decision, however, Appellants filed a second termination petition. The trial court similarly denied this petition, and Appellants appealed. See 287 WDA 2018; J-A17023-18. Meanwhile, Appellee sought to vacate the Appellants' sole custody award, which Appellants obtained on an emergency, interim basis and without an evidentiary hearing.

The trial court granted Appellee's request, relying on its previous finding that the Appellants did not stand in loco parentis for termination purposes. The Appellants appealed the vacation of the interim custody award as well.

We listed these cases for consecutive arguments. At argument, Appellee's counsel acknowledged that Appellants' are entitled to an evidentiary hearing on standing pursuant to 23 Pa.C.S.A. § 5324(2) ("Standing for any form of physical custody or legal custody").

We also remand this case for the trial court to conduct an evidentiary hearing to determine whether Appellants stand in loco parentis under 23 Pa.C.S.A. § 5324(2) to seek a form of custody. The trial court shall apply the appropriate standard for determining standing under this custody statute. At argument, counsel informed this Court that the trial court had made the appropriate appointments for the child in accordance with the previous panel's decision. The child's guardian ad litem and legal counsel shall enter their appearances and participate in this hearing as well.

Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2018

- 2 -